IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| FARMERS INSURANCE EXCHANGE, TRUCK INSURANCE EXCHANGE, FIRE INSURANCE EXCHANGE, MID-CENTURY INSURANCE COMPANY, and FARMERS NEW WORLD LIFE INSURANCE COMPANY, | ) ) ) ) ) ) | |
| | ) | CASE NO. 8:17cv261 |
| Plaintiffs, | ) ) | **ANSWER** |
| vs. | ) ) | **and** **JURY DEMAND** |
| GANON VAN DYKE, | ) ) ) | |
| Defendant. | ) ) ) | |

COMES NOW the Defendant, Ganon Van Dyke, and responds to Plaintiffs' Complaint as follows:

**NATURE OF THE CASE**

1.    Admits that he is a former independent contractor insurance agent of plaintiffs Farmers Insurance Exchange, Truck Insurance Exchange, Fire Insurance Exchange, Mid-Century Insurance Company, and Farmers New World Life Insurance Company (together, "Farmers"). Denies the remainder of paragraph 1 of the Complaint.  Defendant denies the remainder of paragraph 1.

2.    Defendant admits he submitted his resignation in 2015 and denies the remainder of paragraph 2.

3.    Denies.

4.    Admits that Farmers seeks the relief described in paragraph 4 but denies that Farmers is entitled to relief.

5-7.     Defendant lacks sufficient information to admit or deny and therefore denies the same.

8.     Admits.

## JURISDICTION AND VENUE

9.     The allegations in Paragraph 9 constitute a legal conclusion to which no response is required.

10.     Admits that venue is proper in this district if the court has jurisdiction.

## FACTS COMMON TO ALL COUNTS

**A.     Van Dyke Contracts to Be an Exclusive Farmers' Agent and Commits to Farmers' Confidential and Trade Secret Customer Information**

11-14.  Admits that he and Farmers executed an Agent Appointment Agreement and denies the remainder of paragraphs 11-14.

**B.     Farmers' Customer Information Is a Trade Secret**

15-20.  Defendant lacks sufficient information to admit or deny and therefore denies the same.

**C.     Van Dyke and Other Farmers' Agents Receive Training**

21.     Defendant admits he received some training from Farmers.  Defendant lacks sufficient information to admit or deny the allegations concerning the training provided by Farmers to other agents and therefore denies same.  Defendant denies all other allegations made in paragraph 21.

**D.     Van Dyke and Other Agents Receive Financial Support**

22-23.  Defendant lacks sufficient information to admit or deny the allegations concerning the financial support provided by Farmers to other agents and therefore denies same.  Defendant denies all other allegations made in paragraphs 22 and 23.

**E.      Van Dyke and Other Agents Receive Marketing Support**

24-27.  Defendant lacks sufficient information to admit or deny the allegations concerning the marketing support provided by Farmers to other agents and therefore denies same.  Defendant denies all other allegations made in paragraphs 24-27.

**F.      Van Dyke Breaches His Duties, Misappropriates Farmers' Trade-Secret Customer Information and Solicits Farmers' Customers for Competitors**

28.      Defendant admits he submitted his resignation to Farmers effective August 22, 2015, admits he received a termination letter from Farmers dated August 21, 2015, and admits he became an agent for DVI Insurance Group after ending his relationship with Farmers.  Defendant denies the remaining allegations of paragraph 28.

29.      Denied.

30.      Denied.

31.      Denied.

32.      Denied.

**G.      Van Dyke Accesses Farmers' Computers Without Authorization to Obtain Trade Secret Customer Information and Alter Customer Passwords**

33-39.  Denied.

**H.      Farmers Has Suffered and Will Continue to Suffer Irreparable Harm from Van Dyke's Unauthorized Access to Farmers' Customer Information**

40.      Denied.

**COUNT I - MISAPPROPRIATION OF TRADE SECRETS**
**(18 U.S.C.A. § 1832 et seq.)**

41.      Defendant incorporates his responses to Paragraphs 1 through 40 above as though fully set forth herein.

42-50.  Denied.

## COUNT II - VIOLATIONS OF THE NEBRASKA TRADE SECRETS ACT
### (Neb. Rev. Stat. § 87-502 et seq.)

51.    Defendant incorporates his responses to Paragraphs 1 through 50 above as though fully set forth herein.

52-56. Defendant lacks sufficient information to admit or deny and therefore denies the same.

57-63. Denied.

## COUNT III - BREACH OF CONTRACT

64.    Defendant incorporates his responses to Paragraphs 1 through 63 above as though fully set forth herein.

65-70. Denied.

## COUNT IV - BREACH OF FIDUCIARY DUTY

71.    Defendant incorporates his responses to Paragraphs 1 through 70 above as though fully set forth herein.

72-75. Denied.

## COUNT V - TORTIOUS INTERFERENCE WITH
### A BUSINESS RELATIONSHIP OR EXPECTANCY

76.    Defendant incorporates his responses to Paragraphs 1 through 75 above as though fully set forth herein.

77-81. Denied.

## AFFIRMATIVE ALLEGATIONS AND DEFENSES

82.    Defendant denies the allegations made in all unnumbered paragraphs in the Plaintiffs' Complaint.

83. Defendant denies each and every allegation of the Plaintiff's Complaint, except those allegations constituting admissions in favor of this answering defendant and against the interests of the Plaintiffs.

84. Defendant denies the nature and extent of the Plaintiffs' claimed damages.

85. Defendant denies any causal relationship between any action or inaction on its part and the claimed damages of the Plaintiffs.

86. Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

87. Plaintiffs' Complaint is barred in whole or in part because the information at issue herein is publicly available and does not constitute a trade secret.

88. Plaintiffs' Complaint is barred in whole or in part by the doctrines of waiver, estoppel, and/or laches.

89. Plaintiffs' Complaint is barred in whole or in part due to Plaintiffs' failure to mitigate its alleged damages, if any.

90. Plaintiffs' Complaint is barred in whole or in part by Plaintiffs' prior breach of the parties' agreement, and/or by Plaintiffs' breach of the covenant of good faith and fair dealing.

91. Plaintiffs' Complaint is barred in whole or in part due to Plaintiffs' failure to plead with particularity the identity of any existing or potential customers who allegedly ceased or refused to do any business with Plaintiffs.

92. Plaintiffs' Complaint is barred in whole or in part because Plaintiffs have failed to allege or prove any prospective business relationships with any identifiable customers.

93. Plaintiffs' Complaint is barred in whole or in part because the agreements at issue are adhesion contracts.

94.     Plaintiffs' Complaint is barred in whole or in part because the provisions of the noncompete or non-solicitation agreements are greater than reasonably necessary to protect Plaintiffs' interests and are void and unenforceable.

GANON VAN DYKE, Defendant

By: /s/ Catherine L. Stegman
　　　Ronald E. Frank, #11369
　　　Catherine L. Stegman, #18868
　　　SODORO, DALY, SHOMAKER & SELDE, PC, LLO
　　　7000 Spring Street
　　　Omaha, NE  68106
　　　rfrank@sodorolaw.com
　　　cstegman@sodorolaw.com
　　　(402) 397-6200
　　　(402) 397-6290 (fax)
　　　ATTORNEY FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that on September 15, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send electronic notification of such filing to all CM/ECF participants.  I also hereby certify that a copy of the same has been served by regular mail, postage prepaid, to the following non CM/ECF participants: None.

/s/ Catherine L. Stegman