IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| FARMERS INSURANCE EXCHANGE, TRUCK INSURANCE EXCHANGE, FIRE INSURANCE EXCHANGE, MID-CENTURY INSURANCE COMPANY, and FARMERS NEW WORLD LIFE INSURANCE COMPANY,<br><br>    Plaintiffs,<br><br>vs.<br><br>GANON VAN DYKE,<br><br>    Defendant. | CASE NO. 8:17cv261<br><br>**PROTECTIVE ORDER** |

This matter is before the Court on Plaintiffs' Unopposed Motion for Protective Order and Order on Plaintiffs' Request for Injunctive Relief (Filing No. 28). The Court, being fully advised in the premises, finds that the motion should be granted.

**IT IS ORDERED** that the following terms and conditions shall govern the disclosure and use of confidential information in this matter:

1. As used herein, the term "Confidential Information" includes, but is not limited to: (a) proprietary business and financial information; (b) any documents identifying the personal or confidential information of any person not a party to this lawsuit, including Social Security numbers, phone numbers or addresses; and (c) any other information the disclosure of which is likely to have the effect of causing substantial harm to the competitive position of the person, partnership, corporation or other organization from which the information is obtained.

2. When used in this Order, the word "documents" means all written, recorded or graphic matter whatsoever produced or prepared by any party or third-party in this action.

3. All Confidential Information produced or exchanged in the course of this action shall be used solely for the purpose of preparing for and conducting this action, including trial and appeals, if any, and shall not be used in any other pending or future litigation or for any other purpose, except as may be ordered by this Court.

4. Subject to the additional limitations in Paragraph 5, access to Confidential Information shall be limited to the following individuals:

    a. Counsel of record in this action and other outside counsel and necessary clerical and support staff working with the attorneys in this action;

    b. The named parties in this action, including any of their officers and directors and employees who are assisting counsel in the prosecution or defense of this case or who are requested to provide testimony in this action;

    c. Consultants and experts, independent of the parties named in this action, who are retained for the purpose of consulting, testifying or assisting in the preparation of this action for trial;

    d. Any person whose testimony is taken or to be taken in this litigation, except that such a person may only be shown documents, testimony, information or other materials designated as "Confidential" during his or her testimony and in preparation therefore, and only to the extent necessary for the preparation of such testimony;

    e. Such other persons as hereafter may be designated by written agreement of the parties involved or designated by the Court in the interests of justice;

    f. Authors, recipients and anyone copied on any Confidential document; and

g. The Court, court personnel and any jury selected in this action, court reporters and video personnel who take, record and transcribe testimony, plus necessary assistants.

5. Confidential Information designated as "Confidential - For Attorneys' Eyes Only" shall be disclosed only to (a) outside counsel working on this case and their staff, (b) in-house counsel with primary responsibility for this matter, (c) expert consultants retained and/or employed to assist counsel in this litigation, (c) any person whose testimony is taken or to be taken in this litigation and, if necessary, (d) the Court.

6. A party shall not reveal or disclose any part of such documents, testimony, information, or other materials designated by another party as "Confidential" to any person not included in paragraph 4(a), (b), or (g) or paragraph 5(c) or (d), without first informing him or her of the contents of this Agreed Protective Order and requesting from such person a signed acknowledgment, in the form attached hereto as Exhibit A. Counsel making such disclosure shall retain the original acknowledgments described hereinabove.

7. The persons entitled to have access to Confidential Information pursuant to the terms of Paragraphs 4 or 5 of this Order shall not disclose or make available such information including any summaries, abstracts or indices thereof to any person other than: (a) those persons entitled to such access pursuant to the terms of Paragraphs 4 or 5, or (b) officers, directors or employees of the party who produced the Confidential Information.

8. Documents may be designated as containing Confidential Information by stamping on each page of the document the legend "Confidential - For Attorneys' Eyes Only," or "Confidential – Subject to Protective Order."

9. All deposition testimony shall be treated as Confidential for ten (10) business days from the receipt of the deposition transcript. During the ten (10) business days after the receipt of a deposition transcript, any party may designate portions of the transcript as Confidential. Any portion of a deposition transcript not so designated on the record or within ten (10) business days of the receipt of the transcript need not be treated as Confidential.

10. In the event that any person or party subject to this Order having possession, custody or control of any Confidential Information of any opposing party receives from a non-party a subpoena or other process to produce such information, such person or party shall promptly notify the attorneys of record for the party claiming such confidential treatment sought by such subpoena or other process, and shall furnish such attorneys of record with a copy of said subpoena or other process. The party or person receiving the subpoena or other process shall make a timely objection to production of the Confidential Information on the grounds that production is precluded by this Protective Order. In no event shall the person or party receiving the subpoena or other process produce Confidential Information of any opposing party in response to the subpoena or other process unless and until such person or party is ordered to do so by a court of competent jurisdiction, or the opposing party whose Confidential Information is sought waives any objection to disclosure pursuant to such subpoena or process.

11. Any document filed with the Court that contains or references Confidential Information shall be so marked and filed as a restricted document with the Clerk of the Court. No such restricted documents shall be open to public review except upon the stipulation of the parties or by further order of the Court granted pursuant to motion, made upon five (5) business days' written notice to Counsel of Record for all parties. Such motion shall specifically identify by name and address the person(s) who are requested to have access to the restricted file.

12. The inadvertent or unintentional disclosure of "Privileged Information" or information without a designation as "Confidential" shall not be deemed a waiver in whole or in part of a claim of privilege or confidentiality, either as to such information or as to any other information relating thereto or on the same or related subject matter.

    a. "Privileged Information" shall include, but may not be limited to, information subject to the attorney-client privilege, the joint defense privilege, common interest privilege, the work product doctrine, or any other applicable privilege, rule, or immunity from discovery.

    b. In the event a party inadvertently discloses Privileged Information, the party shall within seven (7) calendar days of the date of discovery of the inadvertent disclosure notify counsel for all parties to this lawsuit. Upon such notification, within three (3) business days the Privileged Information and all copies thereof shall be returned to the producing person, and any reference in any document to the inadvertently produced Privileged Information shall be removed.

    c. In the event a party inadvertently discloses Confidential Information, the party shall within seven (7) calendar days of the date of discovery of the inadvertent disclosure notify counsel for all parties to this lawsuit. Upon such notification, within three (3) business days the Confidential Information and all copies thereof shall be returned to the producing person, and any reference in any document to the inadvertently produced Confidential Information shall be removed.

13. If Confidential Information is inadvertently disclosed to a person not authorized by this Order, the party responsible for the disclosure shall immediately inform the designating party of all pertinent facts relating to such disclosure and shall make every effort to retrieve the inadvertently disclosed information and prevent disclosure by each unauthorized recipient. An

inadvertent disclosure of Confidential Information, whether or not so designated pursuant to paragraph 8 above, shall not constitute a waiver of any confidential status otherwise attaching to the document or information.

14. In the event of a dispute over the designation of documents as "Confidential" or "Confidential – For Attorneys' Eyes Only," counsel shall endeavor in good faith to resolve their dispute on an informal basis before presenting the matter to the Court for resolution. If the parties are unable to resolve their dispute informally, a party objecting to the designation of information may apply to the Court for a ruling that the information should not be so treated. Until the Court enters an order changing the designation, the information shall continue to be treated as originally designated.

15. The terms of this Protective Order shall survive the final termination of this action. The Court shall retain jurisdiction to resolve any dispute concerning the use of documents or information hereunder.

16. Within fourteen (14) calendar days after final termination of this action, including any appeal, each party shall, at their election, (a) return to the producing party all documents containing Confidential Information or (b) destroy all such documents (including any documents referencing the substance of the Confidential Information contained therein) and produce a signed statement of counsel attesting to such destruction.

**IT IS SO ORDERED.**

Dated this 13th day of December, 2017.

BY THE COURT:

S/ Susan M. Bazis
United States Magistrate Judge

# EXHIBIT A - ACKNOWLEDGEMENT PURSUANT TO PROTECTIVE ORDER

I, _____, hereby affirm: (1) I have received and read the Agreed Protective Order in *Farmers Insurance Exchange, et al. v. Ganon Van Dyke*, Case No. 8:17-cv-261; (2) I understand the terms thereof and agree to be bound thereby; and (3) I am aware that a violation of such Order may result in a finding of contempt or other remedy.

Dated: _____  By: _____